# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:  Pilgrim, Bryan | Bky: 21-31305 |
| Debtor(s). | Adv No.: |

Bryan Pilgrim

    Plaintiff,

    v.

US Department of Education

    Defendant

_____

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT

Plaintiff Bryan Pilgrim files this complaint based on personal knowledge as to Plaintiff's own acts and upon information and belief as to all other matters as follows:

### PARTIES

**A. Plaintiff**

Bryan Pilgrim is a citizen of the State of Minnesota, residing in the District of Minnesota.

**B. Defendant**

Defendant Unites Stated Department of Education ("Defendant") is an agency within the meaning of 5 U.S.C. §701(b)(1), with its headquarters located and maintained at 400 Maryland Ave SW, Washington, D.C. 2020 and is believed to be the current holder of Debtor's student loan debt referred to in this complaint.

### JURISDICTION AND VENUE

1. This adversary proceeding is brought under Case Number 21-31305.
2. This Court has jurisdiction of this Adversary Proceeding pursuant to 28 U.S.C. §

1334(b) and 28 U.S.C. §157(b). This is a core proceeding under title 11 because it concerns a determination as to the dischargeability of a debt.

3. This Adversary Proceeding is brought pursuant to 11 U.S.C. § 523(a)(8), 15 U.S.C. §1601, 15 U.S.C. § 1692 and Federal Rule of Bankruptcy Procedure Rule 7001.

4. Venue is proper in the district of Minnesota pursuant to 28 U.S.C. § 1409 because this matter arises in and is related to a bankruptcy case in this district.

## FACTUAL AND PROCEDURAL BACKGROUND

5. The Debtor attended Upper Iowa University.

6. He borrowed the money in question for this education and living expenses at the time.

7. The Debtor currently works at Canadian Pacific as a Janitor and Driver making $80,000 a year.

8. The loans from Defendant are loans made, insured, or guaranteed by a governmental unit and/or qualified educational loans as defined in section 221(d)(2) of the Internal Revenue Code. As such they are excepted from discharge unless their exception would "impose an undue hardship on the debtor and the debtor's dependents."

9. The Debtor made the following good faith efforts to repay the loan, payments whenever he could over the years and applied for income driven deferment.

10. The Debtor supports a household of 2 on only his income.

11. The Debtor is 56 years old.

## THE BANKRUPTCY FILING

12. Due to exigent financial circumstances the debt filed this bankruptcy on 08/04/2021.

13. Under a standard 10 year repayment plan the Debtor's student loan payment would be $532.90 per month.

14. the Debtor's bankruptcy schedules showed an available income after paying basic living expenses of only $400.

15. Paying $532.90 per month for 10 years for these student loans is an undue hardship because The debtor is not working in the field of his degree, has made the efforts he can to make payments, and is addressing his tax debts which will not be fully discharged by the bankruptcy. Providing for the household and addressing all of the necessary tax and living expenses does not allow for an additional +$500 expense each month to resolve this before the debtors retirement age.

## **CLAIM FOR RELIEF**

16. Plaintiff re-alleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.
17. Plaintiff is entitled to discharge of his student loan debt, either in whole or in part, because repayment would constitute an "undue hardship" on him.
18. The Debtor lacks a present ability to pay these loans because the standard repayment amount is greater than the amount remaining after subtracting the National Collection Standards from his income.
19. The Debtor lacks a future ability to pay because the Debtor can't meaningfully increase income or decrease expenses, and does not have non-essential valuable assets that could be sold to pay the student loans.
20. The Debtor has made good faith efforts to engage with the servicers and/or pay on the student loans in question.
21. Plaintiff meets the standard for undue hardship as articulated in the Brunner and Totality of the Circumstances tests, as well as the assessment factors outlined in the new guidance issued by the Department of Justice in coordination with the Department of Education on November 17, 2022 regarding student loan bankruptcy litigation.  Accordingly, Plaintiff prays this court discharge her student debt in part or in total.
22. The Plaintiff DOES NOT demand a jury.
23. The Plaintiff consents to entry of a final order or judgment by the Bankruptcy Court in this adversary proceeding.

## **PRAYER**

24. In light of the foregoing, Plaintiff requests judgment entered against the Defendant(s) as follows:

1. determination that the loans to Defendant were discharged;
2. enjoining further collection of these loans;
3. other such relief as the Court deems just and proper.

Respectfully submitted,

/s/ Andrew C. Walker
Walker & Walker Law Offices, PLLC
Andrew C. Walker #392525
Ethan Mustonen #399356
4356 Nicollet Ave
Minneapolis, MN 55409
contacts@bankruptcytruth.com
(612) 824-4357

# VERIFICATION

I, the Plaintiff in this case do swear under penalty of perjury that the following is true to the best of my knowledge, information, and belief.

*Bryan Pilgrim*
_____    Dated: _____

Bryan Pilgrim

Zoho Sign Document ID: 2CB9E7EC-AOFYJIM55N2MKBNWVBJEOUTMOXR-RRNMH8QLCQ4S1WG

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:                                                                   Bky: 21-31305

 Debtor(s).                                                              Adv No.:

Bryan Pilgrim

    Plaintiff,

    v.

US Department of Education

    Defendant

_____

## CERTIFICATE OF SERVICE

    I, Andrew C. Walker, declare under penalty of perjury that I served the adversary complaint by certified mail to:

Andrew Luger, US Attorney
600 U.S. Courthouse
300 South 4th St. Ste 600
Minneapolis, MN 55415

US Department of Education
400 Maryland Ave SW
Washington, DC 20202

Attorney General of The United States
US Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530-0001

    Dated: 03/07/2024                                                                   /s/ Andrew C. Walker